In its Opinion and Award, the majority awards plaintiff workers' compensation benefits for the 1 January 2000 incident. I respectfully dissent.
In the opinion of the undersigned, there are too many irregularities and inconsistencies in the case put forth by plaintiff to find that plaintiff proved by the greater weight of the evidence that he suffered a compensable injury by accident arising out of and in the course of his employment with defendant on 1 January 2000. The record in this case is replete with evidence of attempted witness tampering on plaintiff's behalf, plaintiff's history of back problems previous to 1 January 2000, plaintiff's heavy roofing work in the days following 1 January 2000, plaintiff's history of illegal drug use, and plaintiff's procurement of numerous prescriptions for Oxycontin and other controlled substances from doctors in various states subsequent to 1 January 2000.
This dissent should in no way be construed as an endorsement of the actions of the uninsured employer. It would appear to this Commissioner that the defendant's statements regarding his lack of knowledge regarding his business' uninsured status border on perjury. Indeed, I have joined the majority in the separate penalty order.
For the foregoing reasons, I must respectfully dissent from the majority in this Opinion and Award.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER